United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MARIA ELENA RUIZ OTERO,
Petitioner,
v.
POLLY KAISER, et al.,
Respondents.

Case No. 25-cv-06536-NC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF 1

Petitioner Maria Elena Ruiz Otero brings this action on behalf of her son, Ismael David Caicedo-Ruiz, to protect Caicedo-Ruiz's constitutional rights. Caicedo-Ruiz was detained by the U.S. Immigration and Customs Enforcement (ICE), a division of the Department of Homeland Security (DHS), after his immigration hearing at the San Francisco Immigration Court. The Court previously granted a temporary restraining order (TRO) and a preliminary injunction (PI) enjoining and restraining Respondents from re-detaining Caicedo-Ruiz without notice and a pre-deprivation hearing before a neutral decisionmaker. The Court now assesses Petitioner's Petition for a Writ of Habeas Corpus. The principal issue is whether the Government violates a noncitizen's Due Process rights when it re-detains them without a pre-deprivation hearing after releasing them under 8 U.S.C. § 1226(a). For the reasons set forth below, the Court GRANTS Petitioner's Petition for a Writ of Habeas Corpus.

**I. FACTUAL BACKGROUND**

Caicedo-Ruiz is the 20-year-old son of Petitioner. ECF 1 ¶ 1. Caicedo-Ruiz, who is a citizen of Colombia, entered the United States on or around November 9, 2023. ECF 14-1, Declaration of Jennifer Ramirez (Ramirez Decl.) ¶ 5. On the same day, he was arrested by U.S. Customs and Border Protection (CBP), a division of DHS, approximately 23 miles east of the Tecate Port of Entry. Ramirez Decl., Ex. 1 (Form I-213) at 2. He was transported for further processing and was in custody until November 10, 2023. *Id.* at 2–3.

On November 10, 2023, CBP agents released Caicedo-Ruiz on his own recognizance under pending removal proceedings with a notice to appear in immigration court. Ramirez Decl. ¶ 6. While being released, Caicedo-Ruiz was served with a Form I-220A, Order of Release on Recognizance, which explicitly stated that he was "being released on [his] own recognizance" "in accordance with section 236 of the Immigration and Nationality Act [INA]," codified as 8 U.S.C. § 1226, provided that he complies with certain conditions. Form I-213 at 3; Ramirez Decl., Ex. 2 (Form I-220A) at 1. The Order of Release on Recognizance also stated that Caicedo-Ruiz was being placed in removal proceedings. *Id.*

On November 13, 2023, CBP placed Caicedo-Ruiz into full removal proceedings under Section 240 of the INA, codified as 8 U.S.C. § 1229a, as an alien present without admission or parole. Ramirez Decl. ¶ 7. Caicedo-Ruiz was charged with removability under Section 212(a)(6)(A)(i) of the INA, codified as 8 U.S.C. § 1182(a)(6)(A)(i). *Id.*

Caicedo-Ruiz appeared for both his master calendar hearings in his § 1229a removal proceedings: one on January 24, 2025, and one on August 1, 2025. ECF 4 at 4; Ramirez Decl. ¶¶ 8–9. At the August 1, 2025, hearing, Government counsel orally moved to dismiss his § 1229a removal proceedings so it could seek to pursue expedited removal under Section 235(b)(1) of the INA, codified as 8 U.S.C. § 1225(b)(1), instead. Ramirez Decl. ¶ 9. The immigration judge (IJ) did not grant the Government's motion to dismiss on that day and gave Caicedo-Ruiz ten days to respond to the motion. ECF 1 ¶ 3.

Immediately following the August 1, 2025, hearing, upon his exit of the courtroom, ICE arrested and detained Caicedo-Ruiz in a holding room in San Francisco. ECF 1 ¶ 4;

United States District Court
Northern District of California

Ramirez Decl. ¶ 10. Respondents allege that ICE did so pursuant to § 1225(b). Ramirez Decl. ¶ 9. Respondents did not allege that Caicedo-Ruiz failed to meet any of the conditions of his release, or any facts that would disturb CBP's initial finding that Caicedo-Ruiz was neither dangerous nor a flight risk. ECF 3 at 4.

On August 3, 2025, Petitioner, on behalf of Caicedo-Ruiz, filed a Petition for Writ of Habeas Corpus and an Ex Parte Motion for a TRO. ECF 1; ECF 2. On the same day, General Duty District Court Judge Lee granted a modified version of Petitioner's requested TRO. ECF 4. On August 4, 2025, ICE released Caicedo-Ruiz pursuant to Judge Lee's TRO Order. Ramirez Decl. ¶ 10.

On August 20, 2025, the IJ dismissed Caicedo-Ruiz's § 1229a removal proceedings. ECF 19, Ex. 1. On September 16, 2025, Caicedo-Ruiz appealed the dismissal of his § 1229a removal proceedings to the Board of Immigration Appeals (BIA), which remains pending. ECF 22. Respondents stated that the Government intended to initiate expedited removal proceedings if the motion to dismiss is granted. ECF 14 at 6. Neither party, as of August 25, 2026, has indicated that the status of Caicedo-Ruiz's § 1229a removal proceedings has changed.

On November 26, 2025, this Court granted a modified version of Petitioner's PI. Specifically, this Court enjoined and restrained Respondents from re-detaining Caicedo-Ruiz without notice and a pre-deprivation hearing before a neutral decisionmaker. ECF 24 at 23. Caicedo-Ruiz remains released pursuant to the PI.

On March 6, 2026, USCIS approved Caicedo-Ruiz's Form I-360, granting him "special immigrant juvenile status" (SIJS), which places him in line to receive a visa that will make him eligible to apply for lawful permanent resident status. ECF 33 at 1.

All parties consented to magistrate judge jurisdiction. ECF 12; ECF 13.

## II. STATUTORY BACKGROUND

The relevant statutory framework for the detention and removal of inadmissible noncitizens in the United States is described below.

United States District Court
Northern District of California

**A. Full Removal Proceedings Under Section 240 of the INA, 8 U.S.C. § 1229a**

Full removal proceedings under 8 U.S.C. § 1229a are "the standard mechanism for removing inadmissible noncitizens." *Make the Rd. N.Y. v. Noem*, No. 25-cv-190-JMC, 2025 WL 2494908, at *2 (D.D.C. Aug. 29, 2025). Full removal proceedings involve an evidentiary hearing before an IJ. *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *1 (N.D. Cal. Sep. 12, 2025) (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020)). Either party can appeal the IJ's decision to the BIA, and if the BIA upholds a removal order, the noncitizen can appeal that decision to a United States court of appeals. 8 C.F.R. §§ 1240.15, 1003.1; 8 U.S.C. § 1252.

**1. Discretionary Detention under Section 236 of the INA, 8 U.S.C. § 1226(a)**

Under the "default rule," 8 U.S.C. § 1226(a), a noncitizen "may be arrested and detained" "[o]n a warrant issued by the Attorney General" while their removal proceedings are pending. *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Detention under § 1226(a) is nonmandatory for noncitizens not charged with, arrested for, or convicted of certain criminal offenses enumerated in § 1226(c). 8 U.S.C. § 1226(a). The Government is given discretion under § 1226(a) to release noncitizens on "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional approval." *Id.*

Any officer authorized to issue a warrant of arrest (e.g., a DHS officer) may make the initial determination of detention and release a noncitizen apprehended under § 1226(a) if he or she "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)).

If the initial determination is to detain the noncitizen, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention,"

which are determined by an IJ. *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 CFR §§ 236.1(d)(1), 1236.1(d)(1)). "If, at this hearing, the detainee demonstrates by the preponderance of the evidence that he or she is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk, the IJ will order his or her release." *Rodriguez Diaz*, 53 F.4th at 1197 (citations omitted).

If the noncitizen is released, whether by the DHS officer's initial determination or by the IJ's bond hearing determination, the Government still has authority to revoke a noncitizen's bond or parole, re-arrest them, and detain them "at any time," subject to constitutional requirements. 8 U.S.C. § 1226(b); *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). If a noncitizen is re-detained after the DHS officer's initial determination, federal regulations still provide that "aliens under § 1226(a) receive bond hearings at the outset of the detention," and, as explained above, an IJ will then assess the noncitizen's danger to community and flight risk to determine their detention or release. *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *Rodriguez Diaz*, 53 F.4th at 1197 (citations omitted). If the noncitizen is re-detained after the IJ has ruled to release them in their bond hearing, the Government is limited in its ability to re-detain that noncitizen—it "cannot redetain" a noncitizen "absent changed circumstances . . . such as reinvolvement with the criminal justice system." *See Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021) (citing *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981)) (finding that if ICE did not appeal the IJ's release of the noncitizen on bond, making the IJ's decision administratively final, it cannot re-detain the noncitizen without changed circumstances).

**2. Mandatory Detention under Section 235(b)(2) of the INA, 8 U.S.C. § 1225(b)(2)**

If noncitizens are not being subjected to § 1226(a), they can be subject to mandatory detention under 8 U.S.C. § 1225(b)(2) while their § 1229a removal proceedings are pending. *Salcedo Aceros*, 2025 WL 2637503, at *8 (finding that "Sections 1226(a) and

1225(b) cannot be applied simultaneously" because their "detention regimes are facially inconsistent"); 8 U.S.C. § 1225(b)(2)(A) ("[I]f the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."). Section 1225(b)(2) only applies to noncitizens who are "applicants for admission," are "seeking admission," and are not covered by the expedited removal provisions in § 1225(b)(1). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C § 1225(a).

**B. Expedited Removal Proceedings under Section 235(b)(1) of the INA, 8 U.S.C. § 1225(b)(1))**

For certain applicants for admission, 8 U.S.C. § 1225 authorizes a more streamlined "expedited removal." *Valencia Zapata v. Kaiser*, No. 25-cv-07492-RFL, 2025 WL 2741654, at *2–3 (N.D. Cal. Sep. 26, 2025). Section 1225(b)(1) provides that "[i]f an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 212(a)(6)(C) or 212(a)(7) [8 U.S.C. § 1182(a)(6)(C) or 1182(a)(7)], the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 208 [8 U.S.C. § 1158] or a fear of persecution."

Thus, two groups of "applicants for admission" are subject to expedited removal under § 1225(b)(1). First, there are "arriving" noncitizens who are inadmissible due to misrepresentation or failure to meet document requirements. 8 U.S.C. § 1225(b)(1)(A)(i). The implementing agency regulations define "arriving alien" as applicants for admission "coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. § 1.2. The second group includes noncitizens who meet all of the following criteria: (1) they are inadmissible due to 8 U.S.C. § 1182(a)(6)(C) (misrepresentation) or 8 U.S.C. § 1182(a)(7) (lack of a valid entry document); (2) they have not "been admitted or paroled in the United States;" (3) they have not "affirmatively shown, to the satisfaction of an immigration

United States District Court
Northern District of California

officer, that [they have] been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility"; and (4) they are among those whom the Secretary of Homeland Security has designated for expedited removal. 8 U.S.C. § 1225(b)(1)(A)(iii).

**1. Mandatory Detention under 8 U.S.C. § 1225(b)(1)**

Noncitizens who are subjected to expedited removal under § 1225(b)(1) are mandatorily detained "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

**C. LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "A person need not be physically imprisoned to be in custody under the statute; instead, habeas relief is available where the individual is subject to 'restraints not shared by the public generally.'" *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

The Court finds that Caicedo-Ruiz's procedural and due process rights would be violated by re-detention without a custody hearing before a neutral arbiter at which the Government bears the burden of proving, by clear and convincing evidence, that Caicedo-

Ruiz is a flight risk or danger to the community. As further explained below, this is because Caicedo-Ruiz is afforded to the rights provided to him under § 1226(a) and is not subjected to mandatory detention under § 1225(b).

**A. Caicedo-Ruiz Has a Constitutionally Protected Liberty Interest Under § 1226(a)**

The threshold issue is whether Caicedo-Ruiz has a constitutionally protected liberty interest such that the Due Process clause applies. Petitioner argues that Caicedo-Ruiz has a protected liberty interest because (1) § 1225(b)(2)(A) and § 1225(b)(1) do not apply to Caicedo-Ruiz, and (2) Caicedo-Ruiz has an independent due process claim from being released under § 1226(a). ECF 33 at 3, 7, 9. Respondents argue that Caicedo-Ruiz does not have a protected liberty interest because he is "subject to mandatory detention under § 1225(b)(2)." ECF 30 at 2. The Court finds that Caicedo-Ruiz has a constitutionally protected liberty interest under the Due Process Clause because: (1) the Government created an "implicit promise" of Caicedo-Ruiz's liberty, (2) Caicedo-Ruiz is not subject to mandatory detention under § 1225(b)(2) or § 1225(b)(1).

**1. Caicedo-Ruiz has a Protected Liberty Interest Because the Government Created an "Implicit Promise" of his Liberty Under § 1226(a)**

The record unequivocally shows DHS affirmatively placed Caicedo-Ruiz in full removal proceedings under § 1229a and released him under § 1226(a), not § 1225(b). Form I-220A; Ramirez Decl. ¶ 7. The Court therefore previously found that the Government created an "implicit promise" that it would not revoke Caicedo-Ruiz's liberty unless he violated the conditions of his release under § 1226(a). ECF 24 at 13 (citing *Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). This created, the Court found, a protected liberty interest under the Due Process Clause. *Id.*

Respondents did not provide further argument as to why the Court's previous findings should not continue to apply. ECF 33. They did not allege that Caicedo-Ruiz

violated any conditions of his release or that he engaged in any conduct that calls into question CBP's initial finding that is neither a flight risk nor a danger to the community. ECF 33 at 10. And they did not address Caicedo-Ruiz's increased liberty interest since the Court granted the PI due to his granted SIJS status. *See Quinonez Torres v. Hermosillo*, No. 26-cv-00076-TLF, 2026 WL 547591 at *7-8 (W.D. Wash. 2026) (concluding that petitioner's "grant of SIJS and deferred action status" supported "finding a strong private interest in freedom from imprisonment").

**2. Caicedo-Ruiz Cannot be Subjected to § 1225(b)(2) and is not Subjected to § 1225(b)(1)**

The Court finds that Caicedo-Ruiz is not subjected to detention under § 1225(b) because (1) the Government cannot switch tracks from § 1226(a) to § 1225(b), (2) statutorily, Caicedo-Ruiz cannot be subject to § 1225(b)(2) because he is not seeking admission, and (3) whether Caicedo-Ruiz's re-detention is mandatory under § 1225(b)(1) is too speculative.

First, the Court continues to find that the Government cannot switch tracks from § 1226(a) to § 1225(b) because the Government's decision to detain Caicedo-Ruiz under § 1226(a) created a constitutionally protected reliance interest. ECF 24 at 15; *see also Ramirez Clavijo v. Kaiser*, No. 25-cv-06248-BLF, 2026 WL 2211537, at *4 (N.D. Cal. July 31, 2026) ("Having elected to proceed with full removal proceedings under § 1226, Respondents cannot now reverse course and institute § 1225 expedited removal proceedings."). Furthermore, the Government cannot simultaneously apply §§ 1226(a) and 1225(b) because the two statutes are "facially inconsistent"—one provides for discretionary release with procedural protection and the other mandates detention without discretion. ECF 24 at 15 (citing *Salcedo Aceros*, 2025 WL 2637503, at *8). Respondents did not provide further argument as to why the Court's previous findings should not continue to apply. ECF 33.

Second, the Court finds that statutorily, Caicedo-Ruiz cannot be subject to mandatory detention under § 1225(b)(2). While it is undisputed that Caicedo-Ruiz is an

United States District Court
Northern District of California

"applicant for admission" under § 1225(b), he was apprehended in the interior of the United States. Form I-213 at 2; ECF 33 at 5. And the Ninth Circuit recently held in *Rodriguez Vazquez v. Bostock*[1] that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." -- F.4th --, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). And the Court is not persuaded by the cases Respondents cite to argue otherwise. With one exception, Respondents' cases are distinguishable because the noncitizen was not released from custody pursuant to § 1226. *See Thuraissigiam*, 591 U.S. at 103; *Altamirano Ramos v. Lyons*, 809 F. Supp. 3d 1015, 1024 (C.D. Cal. 2025); *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1136–37 (S.D. Cal. 2025); *Valencia v. Chestnut*, 809 F. Supp. 3d 1064, 1065 (E.D. Cal. 2025); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 500 (5th Cir. 2026). Respondents' only factually similar case is *Weng v. Genalo*, No. 25-cv-9595, 2026 WL 194248, at *7 (S.D.N.Y. Jan. 25, 2026), which the Court declines to follow because it is inconsistent with *Rodriguez Vazquez* and the weight of authority in this Circuit.

Third, the Court continues to decline to determine whether the Government can re-detain Caicedo-Ruiz under § 1225(b)(1) if the immigration court grants the Government's motion to dismiss. ECF 24 at 16 n.3. This argument requires speculation that the Court declines to take because Caicedo-Ruiz's § 1229a removal proceedings are still currently pending. *Id.* (citing *Calderon*, 2025 WL 2430609, at *3). Respondents did not provide further argument as to why the Court's previous findings should not continue to apply. ECF 33. The Court therefore declines to assess Petitioner's further argument that § 1225(b)(1) does not apply to Caicedo-Ruiz.

Accordingly, the Court finds that Caicedo-Ruiz is subject to § 1226, and that he obtained a cognizable liberty interest when the Government released him under § 1226(a).

---

[1] Respondents requested leave to provide additional briefing regarding the impact *Rodriguez Vazquez* once it is issued. ECF 30 at 4. The Court determines it does not need additional briefing to decide this motion and denies this request.

Because Caicedo-Ruiz has a protected liberty interest, the Court next considers whether his re-arrest without a pre-detention hearing violated his due process rights.

**B. Caicedo-Ruiz's Procedural Due Process Rights Are Violated if He is Re-Detained without a Pre-Deprivation Hearing**

The Court previously applied the *Mathews* test to Caicedo-Ruiz's procedural due process challenge to detention under § 1226(a) and found that the Due Process Clause entitles Caicedo-Ruiz to a pre-deprivation hearing before a neutral decisionmaker—Caicedo-Ruiz's private interest is affected because he has a substantial private interest in remaining out of custody, there is a risk of erroneous deprivation because neither the Government nor Caicedo-Ruiz would have an opportunity to determine whether there is any valid basis for his detention, and the Government's interest in detaining Caicedo-Ruiz without first submitting to a pre-deprivation hearing is minimal. ECF 24 at 16–18. Respondents did not provide the Court with any new reasons why Caicedo-Ruiz's due process protections would not entitle him to a pre-deprivation hearing before a neutral decisionmaker before being re-detained. ECF 30. As such, the Court reaffirms its previous conclusion that Caicedo-Ruiz is entitled to a pre-deprivation hearing before a neutral decisionmaker before being re-detained.

**C. The Court Does Not Address Caicedo-Ruiz's Substantive Due Process Challenge**

Petitioner also brings a substantive due process challenge to Caicedo-Ruiz's detention. ECF 1 at 14. Petitioner argues that there is no credible argument that Caicedo-Ruiz is a danger to the community, or that he has a flight risk. *Id.* at 15. Respondents do not make any arguments to the contrary. *See generally* ECF 14; ECF 30. Because the procedural due process issue is dispositive, the Court need not address the substantive due process claim. *See Ramirez Clavijo*, 2026 WL 2211537, at *7 (citation omitted).

**D. Advisory Ruling on Prospect of Post-Order Detention**

Respondents ask this Court to allow for re-detention of Caicedo-Ruiz upon a final administrative order under 8 U.S.C. § 1231(a)(2)(A). ECF 30 at 5. Petitioner states that

this request should be denied because it is unripe and already-ordered pre-deprivation hearing is the appropriate vehicle for adjudicating any post-order detention claim. ECF 33 at 12. The Court finds that this question is not ripe because Caicedo-Ruiz has not been ordered removed but notes that this Order does not address the circumstances in which Respondents may detain him in the event he becomes subject to an executable final order of removal. *See Quiroz v. Bondi*, No. 26-cv-02063-KES-CDB-HC, 2026 WL 1622901, at *1 (E.D. Cal. June 5, 2026) (citing *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017)).

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the petition for writ of habeas corpus. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-detaining Caicedo-Ruiz without a pre-detention hearing before a neutral adjudicator at which Respondents bear the burden of justifying detention by clear and convincing evidence that he is a flight risk or danger to the community. This Order does not address the circumstances in which Respondents may detain Caicedo-Ruiz in the event he becomes subject to an executable final order of removal. The Clerk of the Court SHALL close the case.

**IT IS SO ORDERED.**

Dated: August 25, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge